Appeal from a judgment entered after trial declaring (1) that respondent is appellant’s lawful wife, and (2) that a divorce which appellant procured in Arkansas on March 18, 1948 from respondent is null and void. The action was based on a claim that appellant was not a domiciliary of the granting State. Judgment unanimously affirmed, with costs. The finding in the decision of the learned Special Term that appellant lived in Arkansas for about a year after March, 1948 and came to New Jersey in April of 1949 and that six months thereafter he returned to and has since resided in this State is reversed and it is found that appellant returned to this State in March, 1948 and has thereafter continuously resided in this State. Our modification of the findings is based on the credible proof of respondent and the children of the parties that appellant was in this State throughout the year 1948. Appellant admittedly returned here in March, 1948. He was served with process here in that month. He stated in 1949 that he had voted here in 1948. In March, 1948 he procured from a saloonkeeper in Arkansas, receipts, ostensibly for rent paid for occupancy in Arkansas, for the remainder of that year. He presented these receipts to his attorney in this State upon his return here in March, 1948. He admittedly gave false testimony as to ownership of an automobile he used to go to Arkansas and it is patent that he testified falsely with respect to his relationship and cohabitation in this State with another woman. There is no showing of his presence in Arkansas after March, 1948, up to which time he had been collecting unemployment insurance there. The foregoing state of the record and the further proof recited in the decision of the Special Term are sufficient to warrant the determination that the presumption implicit in the foreign decree was overcome and that appellant never had been a domiciliary of the granting State.
Present — "Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.